UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

**FOX VALLEY SHEET METAL HEALTH FUND,
FOX VALLEY SHEET METAL LOCAL
INDUSTRY FUND, FOX VALLEY SHEET METAL
LOCAL TRAINING FUND and MICHAEL MOONEY
(in his capacity as Trustee),**

                **Plaintiffs,**

  v.                                                      Case No. 21-cv-1020

**ELITE BALANCING LLC,**

                **Defendant.**

---

## COMPLAINT

---

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Christopher J. Ahrens and Alex J. Sterling, and as and for a cause of action against the Defendant, allege and show to the Court the following:

### Jurisdictional and Venue

1. Jurisdiction of this Court upon Defendant Elite Balancing LLC (hereinafter "Elite Balancing") is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132) and section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended (29 U.S.C. § 185(a)), in that the Plaintiffs are aggrieved by the Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendant's continued refusal to submit, as well as untimely submission of, contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the

Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, LMRA § 301, and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. §1132(e) (2)) in that Elite Balancing LLC is engaged in business with its principal place of business, located in Brown County, Wisconsin

**Parties**

3. Plaintiffs Fox Valley Sheet Metal Health Fund, Fox Valley Sheet Metal Local Industry Fund and Fox Valley Sheet Metal Local Training Fund are employee benefit plans within the meaning of ERISA §§ 3(1), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended as 29 U.S.C. §§ 3(1), (3) and (37), 1132 and 1145) and bring this action on behalf of the trustees, participants and beneficiaries of said plan. Said plans maintain offices at 2201 Springdale Road, Waukesha, Wisconsin 53186.

4. Plaintiff Michael Mooney is a trustee and fiduciary of the Fox Valley Sheet Metal Health Fund, as well as a participant and beneficiary, within the meaning of ERISA (29 U.S.C. §1002, et seq.) and as such has standing to be a plaintiff in this action and to seek the remedies prayed for. Mr. Mooney maintains an office at 2201 Springdale Road, Waukesha, Wisconsin 53186.

5. Defendant Elite Balancing LLC is a domestic limited liability company, engaged in business, with principal offices located at 2783 Elmwood Road, Suamico, WI 54313. Its

registered agent for service of process is Matthew Michel, 2783 Elmwood Road, Suamico, WI 54313.

**Facts**

6. Elite Balancing is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)) and the LMRA (29 U.S.C. § 151, et seq.).

7. For all times relevant, Elite Balancing was and remains a party to and agreed to abide by the terms of a collective bargaining agreement ("Labor Agreement") between itself and the International Association of Sheet Metal, Air, Rail And Transportation Workers Local #18 SM (hereinafter "Union").

8. The Labor Agreement described herein contains provisions whereby Elite Balancing agreed to make contributions and payments to the Plaintiff Funds by the fifteenth day of the month after the one during which the work was performed.

9. By execution of said Labor Agreement, Elite Balancing adopted the trust agreements and amendments thereof; which establish and govern the Plaintiff Funds and are necessary for their administration, and designated as their representatives on the Board of Trustees such Trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority, such as but not limited to the adoption of policies relevant to this lawsuit, including but not limited to the Policy on Employer Accounts.

10. Elite Balancing has failed to remit to the Plaintiff Funds all contributions required by its collective bargaining agreement with the Union.

11. Even when Elite Balancing has remitted contributions to the Plaintiff Funds, it has often failed to do so by the fifteenth day of the month following the one during which the work was performed; so that, pursuant to the Policy on Employer Accounts that is binding upon Elite Balancing, it owes to the Plaintiff Funds interest of 1.5% per month and liquidated damages of 20% on all untimely remitted contributions.

## Claim One Against Elite Balancing LLC.
## Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)

12. As and for a first claim for relief against Elite Balancing LLC, the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 11 above and incorporate the same as though fully set forth herein word for word.

13. Elite Balancing has failed to remit to the Plaintiff Funds all contributions required by its collective bargaining agreement with the Union, in violation of 29 U.S.C. §1145.

14. Therefore, on all contributions that remain unpaid from March 1, 2017 through the date of the filing of this Complaint, the Plaintiffs are entitled to recover from Elite Balancing all owed contributions; as well as their market value attorneys' fees of collection, interest at 1.5% per month, and liquidated damages of 20% on all owed contributions pursuant to 29 U.S.C. §1132(g), the Policy on Employer Accounts, and applicable collective bargaining agreements.

**WHEREFORE**, the Funds demand the following relief:

1. Judgment on behalf of the Plaintiffs and against Elite Balancing:

   A. For unpaid contributions, interest, and liquidated damages owed to the Plaintiff Funds for the period March 1, 2017 to the present;

   B. For unpaid contributions, interest, and liquidated damages owed to the Plaintiff Funds becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

   C. Actual attorney fees and the costs of this action.

2. For such other, further, or different relief as the Court deems just and proper.

Dated this 31st day of August 2021.

            <u>/s/Alex J. Sterling</u>
            Alex J. Sterling (SBN 1107931)
            Christopher J. Ahrens (SBN 1043237)
            THE PREVIANT LAW FIRM, S.C.
            Attorney for Plaintiffs
            301 West Wisconsin Avenue, Suite 100 MW
            Milwaukee, WI   53203
            414-271-4500 (Telephone)
            414-271-6308 (Fax)
            Email: ajs@previant.com